IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS D. GOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 1:14-40 |
| v. ) | |
| ) | |
| METZ LEWIS LAW FIRM, LLC, ET AL, ) | |
| STEVEN PETRIKIS, ESQ., SUSAN ) | |
| SMOLLIN, MICHAEL P. ROBIC, II, ESQ., ) | |
| LEROY L. METZ, II, ESQ., JOHN R. FREY, ) | |
| ELAINE H. FREY, G. ROBERT FREY a/k/a ) | |
| JACK CARTER, SUE M. FREY, ROBIN ) | |
| SUE MILLER, & JAMES K. MILLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

### I. BACKGROUND

On February 10, 2014, *pro se* plaintiff Dennis Gold filed his first Complaint in this action. (Docket No. 1). On March 25, 2014, certain of the Defendants moved to dismiss. (Docket No. 3). Since then, Plaintiff has filed First and Second Amended Complaints, the latter of which is currently operative. On November 25, 2014, defendants Metz Lewis Law Firm, LLC, Leroy L. Metz, Steven Petrikis, Esq., Michael P. Robic, II, and Susan Smollin (collectively, the "Metz Lewis Defendants") moved to dismiss the Second Amended Complaint. (Docket No. 38). On December 8, 2014, defendants Elaine H. Frey, G. Robert Frey, John R. Frey, Sue M. Frey, James K. Miller, and Robin Sue Miller (collectively the "Frey Defendants") similarly moved. (Docket No. 38). On January 8, 2015, the case was reassigned to the undersigned judicial officer. (Docket No. 42). Plaintiff has filed responsive briefs to both pending Motions to Dismiss. (Docket Nos. 41 & 43). Accordingly,

the Motions are now ripe.

The Second Amended Complaint alleges several counts against each of the various defendants, the factual underpinnings of which stem from a rather lengthy civil action in the Venango County Court of Common Pleas (the "Venango County Action"), successfully brought by the Frey Defendants, who were represented there by the Metz Lewis Defendants. Specifically, Plaintiff asserts the following causes of action: Abuse of Process; Civil Conspiracy (two counts); Unjust Enrichment; Fraud; and Negligence. (Docket No. 30).

## II. JURISDICTION

Both groups of Defendants move for dismissal for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

    a.    <u>Patent/Federal Question</u>

In his Second Amended Complaint, Plaintiff alleges that

> This case involves the willful, wanton, acts of destruction of the market value of [Plaintiff's] U.S. Patents property [sic], and the deliberate acts of Conspiracy, Abuse of Process, Evidence Tampering, False Testimony, Unjust Enrichment, Tortious Interference with Contracts, Barratry,[1] and Fraud, resulting in the loss of Plaintiff's U.S. Patents property [sic], and Trade Secrets, which constitutes Jurisdiction in this Court under, [sic] 28 U.S.C. § 1338.

(Docket No. 30 at ¶2).

Both groups of Defendants assert that, while the Second Amended Complaint references several unidentified patents, the nature of the allegations are insufficient for Section 1338 jurisdiction. The Defendants specifically argue that there is no assertion of patent infringement or

---

[1] The Court notes that Plaintiff's barratry charge, while present in the First Complaint, was consciously removed, and is no longer pending in the Second Amended Complaint.

2

any other cause of action arising under any such law.

"The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not of all questions in which a patent may be the subject-matter of the controversy." *New Marshall Engine Co. v. Marshall Engine Co.*, 223 U.S. 473, 478 (1912). Indeed, the Supreme Court recently held that Section 1338 did not bar state jurisdiction over legal malpractice claims stemming from the handling of a patent case. *Gunn v. Minton*, 133 S.Ct. 1059 (2013). When taken as a whole, Plaintiff's various filings assert no more than a loss of ownership right to patents or royalties therefrom. This clearly is insufficient to confer exclusive federal jurisdiction under 28 U.S.C. § 1338. *See Nolen v. Lufkin Insud., Inc.*, 466 Fed.Appx. 895 (Fed. Cir. 2012) (finding patent jurisdiction not conferred to resolve parties' disputed ownership of patent at issue).

Accordingly, the Court agrees with Defendants that jurisdiction in the instant suit cannot be supplied by 28 U.S.C. § 1338. After even the most deferential review of the pleadings accorded to a *pro se* plaintiff, the Court cannot identify any other federal questions asserted therein. Thus, there is no federal question at issue in this suit.

      b.     <u>Diversity</u>

Although not directly alleged in any filing in this matter, owing to Plaintiff's *pro se* status, the Court searched Plaintiff's pleadings for alternative grounds for jurisdiction. The Second Amended Complaint alleges damages in excess of of $2.5 million. (Docket No. 30 at ¶1). Plaintiff then states, "[t]he Defendants in this action reside in multi-state jurisdictions," (*Id.* at ¶3), presumably attempting to invoke diversity jurisdiction, as well. 28 U.S.C. § 1332. Since 1806, the Supreme Court has "read the statutory formulation 'between . . . citizens of different states' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*,

546 U.S. 81 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch 267) (1806)).

Defendants contend that diversity jurisdiction also does not exist in this case because there is a lack of complete diversity. In support, they point to Plaintiff's own allegation of diversity, wherein most of the Defendants are listed as residents of Pennsylvania. (Docket No. 30 at ¶3). Combined with the fact that the Plaintiff's mailing address is also in Pennsylvania, Defendants contend diversity does not exist in this case.

The Court agrees with Defendants' position in this regard as well and further notes certain of Plaintiff's statements throughout his pleadings corroborate the fact that he is also a resident of Pennsylvania. As such, 28 U.S.C. § 1332 cannot be the basis for the Court's jurisdiction in this action.

### c. Other Federal Jurisdiction

The Court finally notes that, after a searching review of the pleadings, it has identified no other bases for federal jurisdiction. *E.g.,* 28 U.S.C. §§ 1330, 1333–37, 1339–40.

### III. FAILURE TO STATE A CLAIM

In addition to their motions under Rule 12(b)(1), both Defendant groups move for dismissal under Rule 12(b)(6). Although not necessary for dismissal, having concluded that it lacks jurisdiction, the Court notes that all claims in the Second Amended Complaint appear to be facially deficient, the Plaintiff having not enumerated facts relating all necessary elements of the causes he asserts[2] and that several appear to be barred by *res judicata* and/or the *Rooker-Feldman* Doctrine, given the court's decisions in the Venango County Action.

### IV. CONCLUSION

---

[2] For example, in his negligence count, Plaintiff does not assert facts that would plausibly suggest any of the Defendants

AND NOW, this 15th day of January, 2015, IT IS HEREBY ORDERED that, for the foregoing reasons, the Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint, (Docket Nos. [35] and [38]), are GRANTED and the Plaintiff's Second Amended Complaint is DISMISSED, without prejudice to the parties' right to fully litigate this matter in the appropriate state court. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
United States District Judge

cc: All counsel of record

    Dennis D. Gold, *pro se*
    215 Big Oak Dr.
    Franklin, PA 16323
    (first class and certified mail).

---

owed him a duty. (Docket No. 30 at ¶¶ 64–79